UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HBM INTERESTS, LLC, ET AL                CIVIL ACTION NO. 12-cv-1048

VERSUS                                   JUDGE HICKS

CHESAPEAKE LOUISIANA, LP, ET AL          MAGISTRATE JUDGE HORNSBY


**MEMORANDUM ORDER**

**Introduction**

HBM Interests, LLC ("HBM") and Lucien Harry Marioneaux, Jr. ("Marioneaux"), filed suit against Chesapeake Louisiana, LP ("Chesapeake") and PXP Louisiana, LLC ("PXP") in state court in DeSoto Parish, Louisiana. Plaintiffs allege that Defendants improperly deducted certain post-production charges from Plaintiffs' royalty payments in violation of the terms of a mineral lease. Defendants removed the case to this court.

Before the court is Plaintiffs' Motion to Remand. Doc 7. There is no dispute that Plaintiffs and Defendants are citizens of different states. However, Plaintiffs filed the Motion to Remand "out of an abundance of caution" because Plaintiffs lacked knowledge regarding the amounts they claim were improperly deducted from their royalty payments. Accordingly, Plaintiffs' motion calls upon Defendants to satisfy their burden that the amount in controversy exceeds $75,000.

**Law and Analysis**

If a defendant removes a case based on assertion of diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. 1446(c)(2). The defendant may make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy - - in the notice of removal or an affidavit - - that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Walmart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Mere assertions that the amount in controversy may, might, or could well exceed $75,000 are insufficient to satisfy the burden. Allen v. R&H Oil & Gas Company, 63 F.3d 1326, 1336 (5th Cir. 1995).

The affidavits attached to Defendants' opposition convincingly establish that the amount in controversy on HBM's claims far exceeds $75,000. According to Defendants' affidavits, the amount of actual charges disputed by HBM with regard to Chesapeake is $140,313.47, and the amount actually disputed by HBM with regard to PXP is $32,665.97. In addition, Plaintiffs seek double those amounts as damages, plus attorney's fees. Statutory penalties and attorney fees are considered in determining the amount in controversy. Wright Family Investments v. Jordan Carriers, 2012 WL 2457664 (W.D. La. 2012).

The claim asserted by Marioneaux requires further analysis. Defendants' evidence shows that the disputed amount charged to Marioneaux is $13,877.08 by Chesapeake and $3,230.70 by PXP. Even with double damages, Marioneaux's claim will not exceed $75,000.

Thus, one plaintiff satisfies the amount in controversy requirement, but the other plaintiff does not.

In Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005), the Supreme Court held that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount in controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount.

Under Allapattah, this court has supplemental jurisdiction over Marioneaux's claims. The allegations of the petition show that Marioneaux's claims arise out of the same case or controversy. Both Plaintiffs dispute their share of the royalties from the same lease and the same well. None of the allegations in Plaintiffs' petition is unique to either Plaintiff. Every allegation refers to Plaintiffs collectively and not to either individually.

**Conclusion**

Plaintiffs' **Motion to Remand (Doc. 7)** is **denied**. Defendants' evidence shows that HBM's claims far exceed the jurisdictional amount. Moreover, the claims by Marioneaux arise out of the same case and controversy and fall within the court's supplemental jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of August, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE